Perry BROWDER; Alice Browder; and The Water Wheel Partnership, a Colorado General Partnership, Plaintiffs–Appellants and Cross–Appellees,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant–Appellee and Cross–Appellant.

No. 92CA0995.

Colorado Court of Appeals, Div. IV.

Oct. 21, 1993.

Rehearing Denied Dec. 2, 1993.

Certiorari Granted May 2, 1994.

Wolf & Slatkin, P.C., Jean C. Arnold, Jonathan L. Madison, Denver, for plaintiffs-appellants and cross-appellees.

Vanatta, Sullan and Sandgrund, P.C., Ronald M. Sandgrund, Englewood, for defendant-appellee and cross-appellant.

Opinion by Judge PLANK.

Plaintiffs, Perry and Alice Browder, appeal from a summary judgment entered in favor of defendant, United States Fidelity & Guaranty Co. (USF & G). We affirm.

Central to this dispute is a Special Multi–Peril (SMP) insurance policy issued by USF & G. Originally, it was purchased by the Fletcher Corporation (Fletcher) in February 1975. Fletcher was the owner and general construction contractor of the Water Wheel Inn Motel. Construction of the motel was completed by July 1975.

In April 1976, the Browders purchased the Motel from Fletcher. As part of the sale, the SMP policy was assigned to the Browders.

In January 1985, the Browders noticed the ceiling of the motel was cracking and sagging. As a result, the Browders sued Fletcher for failure to construct the Water Wheel Inn in a workmanlike manner. Before trial, however, Fletcher filed for Chapter 7 bankruptcy protection, staying the lawsuit.

The Browders then filed a proof of claim and commenced an adversary proceeding in the Fletcher bankruptcy. Fletcher and the Browders agreed to a stipulated judgment for $572,000. Nevertheless, the Browders have been unable to recover any of this amount because the Fletcher estate is bankrupt. As a result, the Browders brought this action against USF & G to recover part of their losses under the policy.

The Browders do not seek to recover as insureds, but rather assert that their damages occurred while Fletcher was a USF & G insured and that they became subrogated to Fletcher's rights under the insurance policy once liability was established.

In granting USF & G's motion for summary judgment, the trial court found both that the plaintiffs' loss was not covered under

a certain SMP insurance policy and that no loss occurred during the relevant policy period. Plaintiffs contend that the trial court erred in so finding. We disagree.

■ Summary judgment is appropriate when "the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 712 (Colo.1987).

■ The Browders charge that the damage to the Water Wheel Inn began at the time of its negligent construction. However, the Browders were not third parties at the time they allege their damages accrued, and therefore, they cannot collect as subrogees under the policy for damages occurring at a time when Fletcher was the insured.

The Browders rely on *American Employer's Insurance Co. v. Pinkard Construction Co.,* 806 P.2d 954 (Colo.App.1990) and *Trizec Properties, Inc. v. Biltmore Construction Co.,* 767 F.2d 810 (11th Cir.1985) in support of their contention that there was an "occurrence" during the period of Fletcher's coverage.

We find neither case pertinent here. In *Pinkard,* the contractor, who was insured under a series of policies, installed a roof which began to corrode almost immediately. The *Pinkard* court applied the exposure theory which holds an insurer liable for damages during any policy period in which there was exposure to a damage-causing condition or agent and found that coverage was triggered under each policy.

We agree that so long as the damage results from a progressive and continuous condition, an insurer can be held liable even in a situation in which the ultimate injury becomes manifest after the relevant policy term expires. Nevertheless, even though there may have been damage to the property during the period of Fletcher's policy, there could not have been any damage to the Browders because they owned no interest in the motel at that time.

In a similar vein, in *Trizec,* the court held that "the event which triggers potential coverage under an occurrence-type policy is the sustaining of actual damages *by the complaining party . . . ." Trizec Properties, Inc. v. Biltmore Construction Co., supra,* 767 F.2d at 812 (emphasis added).

Fletcher was the named insured under the policy from the date it was purchased until it was assigned to the Browders. Since the sale of the property and the assignment of the policy occurred simultaneously, there is a definitive break between the liability coverage available to Fletcher as an insured and the first moment when the Browders could have sustained any property damage. Therefore, the Browders did not suffer any loss during the relevant policy period, and consequently, there was no occurrence which could have triggered coverage.

The plaintiffs also contend that the trial court erred by finding that their losses were not covered because any negligent construction did not arise out of Fletcher's "ownership, maintenance or use" of the motel. However, inasmuch as we hold that summary judgment was properly granted in favor of USF & G, we decline to address this issue.

We also decline to address USF & G's cross-appeal, which basically argues that the trial court erred in not granting summary judgment on a third alternative theory. It is unnecessary in light of our above holding.

Hence, the summary judgment is affirmed.

CRISWELL and RULAND, JJ., concur.